UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RODNEY WIGGINS,

                    Plaintiff,
                                          MEMORANDUM & ORDER
          -against-                       13-CV-1731(JS)(WDW)

CARLOS FIGUEROA #6467, BRIAN
FERRICK #2819, #515,
VINCENT F. DEMARCO,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Rodney Wiggins, pro se
                    602020
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, NY 11901

For Defendants:     No appearance

SEYBERT, District Judge:

        On March 27, 2013, incarcerated pro se plaintiff Rodney

Wiggins ("Plaintiff") filed a pro se Complaint in this Court

pursuant to 42 U.S.C. § 1983 ("Section 1983") against Carlos

Figueroa #6467 ("Figueroa"), Brian Ferrick # 2819 ("Ferrick"), #515

("#515") and Sheriff Vincent F. DeMarco ("Sheriff DeMarco")

(collectively, "Defendants"), accompanied by an application to

proceed in forma pauperis.  On April 1, 2013, the Court sent

Plaintiff a Notice of Deficiency advising Plaintiff that he must

file a Prisoner Authorization Form if he wanted to proceed with his

case.    On April 18, 2013, Plaintiff filed his Prisoner

Authorization Form, dated April 14, with the Court.

        Upon review of the declaration in support of the

application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the $350.00 filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte dismissed in part.

BACKGROUND

Plaintiff's brief, handwritten Complaint submitted on the Court's Section 1983 complaint form is difficult to read. As the Court can best discern, Plaintiff alleges that on March 7, 2013, following an appearance in county court, Plaintiff was in an elevator restrained by hand cuffs, leg irons, and a belly strap with two padlocks.[1] (Compl. ¶ IV.) Figueroa, whom the Plaintiff identifies as a court officer, accompanied Plaintiff in the elevator, as did Ferrick. (Id.)

According to Plaintiff, he asked Figueroa for the date of his next court appearance. (Id.) Figueroa did not answer Plaintiff's question, but allegedly instructed Plaintiff in a "high tone" to face the wall. (Id.) Plaintiff states that he turned around and started to giggle. (Id.) Plaintiff alleges that he was pulled down to the floor by his leg irons, hitting his face on the

---

[1] According to the New York State Unified Court System records, on March 7, 2013, Plaintiff appeared before Hon. M. Cohen in Suffolk County Court – Criminal Term. See, https://iapps.courts. state.ny.us/webcrim_attorney/DefendantSearch (search for Rodney Wiggins) (last visited April 26, 2013).

floor.  (Id.)  He claims that Ferrick was holding him down and that Figueroa repeatedly punched Plaintiff in the face.  (Id.)  Plaintiff claims that at some point, Figueroa's partner grabbed Figueroa, giving Plaintiff time to comment that Figueroa thinks he is a "big guy" because he was beating someone who could not fight back.  (Id.)  After that comment, Figueroa allegedly started punching Plaintiff again, causing Plaintiff's nose to bleed.

As a result, Plaintiff claims that his nose was swollen and bled heavily, that his eye swelled shut, and that he had "shirt burn marks" on his back.  (Compl. ¶ IV.A.)  Plaintiff seeks to recover compensatory and punitive damages in the total sum of four million dollars ($4,000,000.00).

DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim on which relief may be

3

granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010), aff'd. 569 U.S. ----, --- S. Ct. ----, 2013 WL 1628935 (2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009)). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 679 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a]

4

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

III.   Section 1983

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983; Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).  To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation.  Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010).  The Supreme Court held in Iqbal, 556 U.S. at 676, that "[b]ecause vicarious liability is inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each Government-official

5

defendant, through the official's own individual actions, has violated the Constitution." Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. Appx. 199 (2d Cir. Jan. 12, 2010). With these standards in mind, the Court considers the Plaintiff's claims.

A.  Defendants DeMarco and #515

Although Plaintiff names DeMarco and #515 as Defendants, there are no factual allegations concerning them; nor are they mentioned in the body of the Complaint. Plaintiff has not provided any information as to #515's personal involvement in the incident in question. As set forth above, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation. Warren v. Goord, 476 F. Supp. 2d 407, 413 (S.D.N.Y 2007), aff'd., 368 F. App'x 161 (2d Cir. 2010) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995)).

Given that DeMarco is the Suffolk County Sheriff, it

appears Plaintiff seeks to hold this Defendant liable solely because of the supervisory position he holds.  As explained earlier, a plausible Section 1983 claim must allege the personal involvement of the defendant in the alleged constitutional violation.  <u>Warren</u>, 476 F. Supp. 2d at 413.  Similarly, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation.  <u>Rivera</u>, 655 F. Supp. 2d at 237.  A supervisor cannot be liable for damage under Section 1983 solely by virtue of being a supervisor because there is no <u>respondeat</u> <u>superior</u> liability under Section 1983.  <u>Richardson v. Goord</u>, 347 F.3d 431, 435 (2d Cir. 2003).

Here, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by Defendant DeMarco or by #515, much less any facts from which the Court could liberally construe the deprivation of Plaintiff's constitutional rights by Defendants DeMarco or #515.  Accordingly, the Section 1983 claim asserted against DeMarco and #515 is not plausible and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

B.   <u>Defendants Figueroa and Ferrick</u>

Affording the <u>pro</u> <u>se</u> Complaint a liberal construction, Plaintiff's Section 1983 claims against these individual Defendants

shall proceed.  Though thin, the Court declines to <u>sua</u> <u>sponte</u> dismiss these claims at this early stage in the proceeding.  <u>See</u> <u>McEachin</u>,357 F.3d at 200 ("We have frequently reiterated that '[s]ua <u>sponte</u> dismissals of <u>pro</u> <u>se</u> prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.'") (quoting <u>Moorish Sci. Temple of Am. Inc. v. Smith</u>, 693 F.2d 987, 990 (2d Cir. 1982)); <u>Benitez v. Wolff</u>, 907 F.2d 1293, 1295 (2d Cir. 1990) (<u>per</u> <u>curiam</u>) ("<u>Sua</u> <u>sponte</u> dismissal of a <u>pro</u> <u>se</u> complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact.  Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted).

      1.  <u>Figueroa</u>

Plaintiff identifies Figueroa as a court officer. However, since the Court is awaiting information as to the proper affiliation and service address for Defendant Ferrick, <u>see</u> <u>infra</u> pp. 9-10, a summons for Figueroa will not be issued at this time. Rather, this case will be stayed for 45 days, at the conclusion of which the Court will issue and Order directing the Clerk of the Court to forward copies of the Summons and the Complaint to the United States Marshals Service for service upon Figueroa without prepayment of fees.

2.  <u>Ferrick</u>

            Ferrick is only identified by his name and his
number, but it is not clear from the Complaint whether he is a
court officer or whether he is a corrections officer.  The United
States Marshal Service will not be able to serve Ferrick without
more information.  Accordingly, the Clerk of Court shall send a
copy of the Complaint and this Order to the Suffolk County Attorney
and to the New York State Attorney General.  Pursuant to <u>Valentin
v. Dinkins</u>, 121 F.3d 72 (2d Cir. 1997), the Court requests that the
Suffolk County Attorney and the New York State Attorney General
ascertain the affiliation and service address of Brian Ferrick
#2819, who was involved in the incident described in the Complaint
which is to have occurred on March 7, 2012 at approximately 1:00
p.m.  Neither the Suffolk County Attorney nor the New York State
Attorney General need undertake to defend or indemnify this
individual at this juncture.  This Order merely provides a means by
which Plaintiff may properly serve the Defendant as instructed by
the Second Circuit in <u>Valentin</u>.  **The Suffolk County Attorney and
the New York State Attorney General are hereby requested to produce
the information specified above regarding Defendant Ferrick's
affiliation and service address to the Plaintiff and to the Court
within two (2) weeks from the date that this Order is served upon
them.**  Once this information is provided, Plaintiff's summons shall
be issued and the Court shall direct service upon Defendant

Ferrick.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, but the Complaint is sua sponte DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2) as against Defendant DeMarco and Defendant #515 with prejudice **unless Plaintiff files an amended complaint in accordance with this Order within thirty (30) days from the date this Order is served upon him.** Plaintiff's claims against Carlos Figueroa # 6467 and Brian Ferrick #2819 shall proceed. However, no summonses will be issued at this time. Rather, **this case will be stayed for forty-five (45) days** so as to allow the Suffolk County Attorney and the New York State Attorney General to provide the requested information to the Court.

The Clerk of the Court shall send a copy of the Complaint and this Order to the Suffolk County Attorney and to the New York State Attorney General, both of whom shall attempt to ascertain the affiliation and full service address of Brian Ferrick, an officer of unknown affiliation involved in the incident described in the Complaint and **to produce such information to the Plaintiff and to the Court within two (2) weeks from the date that this Order is served upon them.** Once the information is provided, summonses shall be issued for Defendants Figueroa and Ferrick and the Court shall order the United States Marshal Service to serve them.

10

The Clerk of Court is directed to mail a copy of this Order to the pro se Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).


SO ORDERED.


/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: May __2__, 2013
       Central Islip, New York