```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RODNEY WIGGINS,

                    Plaintiff,         MEMORANDUM & ORDER
                                       13-CV-1731(JS)(SIL)
         -against-

CARLOS FIGUEROA #6467 and
BRIAN FERRICK #2819,

                    Defendants.
----------------------------------------X
APPEARANCES

For Plaintiff:      Rodney Wiggins, pro se
                    #13R1728
                    Gouvernour Correctional Facility
                    112 Scotch Settlement Road
                    P.O. Box 370
                    Gouvernour, NY 13624

For Defendants:     Richard H. Yorke, Esq.
                    Benjamin Rodkin, Esq.
                    New York State Attorney General's Office
                    200 Old Country Road
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Plaintiff Rodney Wiggins ("Plaintiff") commenced this action on March 23, 2013 pursuant to 42 U.S.C. § 1983 claiming that Defendants violated his Eighth Amendment rights against the use of excessive force during a confrontation in an elevator on March 7, 2013. Pending before the Court is defendants Carlos Figueroa ("Figueroa") and Brian Ferrick's ("Ferrick" and together with Figueroa, "Defendants") motion to dismiss the Complaint.

(Docket Entry 20.)  For the foregoing reasons, Defendants' motion is GRANTED.

BACKGROUND

I. Conversion to Summary Judgment

Defendants' motion to dismiss relies heavily upon sworn statements made during Plaintiff's plea allocution hearing. (See Plea Hearing Transcript, Docket Entry 20-3 ("Plea Hr'g Tr.").) Since the motion relies on information outside of the pleadings, the Court must first address whether to treat Defendants' motion as a motion to dismiss or as a motion for summary judgment. The Second Circuit has held that "[w]hen a motion to dismiss presents material outside the pleadings, a district court may convert the motion into one for summary judgment provided that the non-moving party receives notice and an opportunity to respond." Cancel v. Amakwe, 551 F. App'x 4, 5 (2d Cir. 2013) (citations omitted). In addition, Local Civil Rule 12.1 requires a represented party, who moves to dismiss against a pro se party and who relies on matters outside the pleadings, to serve and file a form notice advising the pro se party that the complaint may be dismissed if the pro se litigant does not respond to the motion "by filing sworn affidavits as required by Rule 56(c) and/or other documents." LOCAL CIV. R. 12.1.

Here, the Court will exercise its discretion to convert Defendants' motion to dismiss to a motion for summary judgment

2

pursuant to Federal Rule of Civil Procedure 56. Conversion is proper because Defendants provided Plaintiff with a Local Civil Rule 12.1 notice. See Hernández v. Coffey, 582 F.3d 303, 308 n.2 (2d Cir. 2009) (citing cases holding that a Local Civil Rule 12.1 notice provides sufficient notice to pro se parties that the motion to dismiss may be converted to one for summary judgment).

II. Factual Background

Plaintiff alleges that on March 7, 2013, following an appearance in court, he was traveling in an elevator with Defendants Figueroa and Ferrick. (Compl. ¶ IV.) Plaintiff was restrained by handcuffs, leg irons, and a belly strap with two padlocks. (Compl. ¶ IV.) Plaintiff alleges that he asked Figueroa to tell him the date of his next court appearance and Figueroa ordered Plaintiff in a "high tone" to face the wall. (Compl. ¶ IV.) Plaintiff obeyed, but as he turned around he began "giggling." (Compl. ¶ IV.) Plaintiff alleges that Defendants then pulled him down by his leg irons causing him to hit his face on the elevator floor. Ferrick then purportedly held Plaintiff down while Figueroa repeatedly punched Plaintiff in the face. (Compl. ¶ IV.) Plaintiff claims that when the elevator "got stuck" he commented that he thought Figueroa was a "big guy" because he was "beating someone who [could not] fight back." (Compl. ¶ IV.) Figueroa then allegedly started punching Plaintiff in the face again, causing Plaintiff's nose to bleed. Following the event,

Plaintiff went to the hospital. (Compl. ¶ IV(a).) Plaintiff claims that his nose was bleeding, his eye was swollen, and that he had "shirt burn marks" on his back. (Compl. ¶ IV(a).)

On May 3, 2013, Plaintiff appeared before Justice Mark D. Cohan in Suffolk County Criminal Court and pleaded guilty to two counts of Assault in the Second Degree. (Plea Hr'g Tr. at 1, 20:9-22.) Plaintiff testified that he was brought to the Suffolk County criminal courthouse for an appearance on March 7, 2013. (Plea Hr'g Tr. at 16.) Following the appearance Plaintiff admitted riding in an elevator escorted by Defendants. (Plea Hr'g Tr. at 16:18-22.) Plaintiff then made the following admissions about what happened in the elevator:

> [THE PROSECUTOR]: And in an attempt to prevent Court Officers Brian Ferrick and Carlos Figueroa from transporting you back to the jail from which you were brought, did you lunge at them in the elevator, kicking them and elbowing them?
> . . .
>
> THE DEFENDANT: Yes.
>
> [THE PROSECUTOR]: And did you lunge at those officers, kicking them and elbowing them in an attempt to prevent them from moving you back to the jail where they directed you to?
>
> THE DEFENDANT: Yes.
>
> [THE PROSECUTOR]: And are you now aware that your actions on that day caused injuries to both of those officers, specifically with regard to Officer Ferrick, an elbow injury as well as abrasions and swelling and bruising?

4

>THE DEFENDANT: Yes.
>
>[THE PROSECUTOR]: Are you aware that your actions caused injury to Officer Figueroa, specifically, a broken hand and a damaged knee for which he had to have surgery on?
>
>THE DEFENDANT: Yes.

(Plea Hr'g Tr. at 17:9-18:11.) After admitting to assaulting Defendants, Plaintiff pleaded guilty to Assault in the Second Degree, among other charges, and waived his right to appeal. (Plea Hr'g Tr. at 21:23-22:1; 22:2-22.)

III. Procedural History

Defendants now moves to dismiss. Plaintiff chose not to oppose Defendants' motion even though the Court granted Plaintiff two additional months to submit an opposition. (See Minute Entry, Docket Entry 22.) The Court, in its discretion, has converted Defendants' motion to dismiss into a motion for Summary Judgment.

## DISCUSSION

The Court will first address the applicable legal standard before turning to the merits of Defendants' motion.

I. Legal Standard

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); Celotex Corp. v.

Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997).

"The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." Id.; see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). A genuine factual issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. To defeat summary judgment, "the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Anderson, 477 U.S. at 256). "[M]ere speculation or conjecture as to the true nature of the facts" will not overcome a motion for summary judgment. Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986); see also Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986) ("Mere conclusory allegations or denials will not suffice." (citation omitted)); Weinstock, 224 F.3d at 41 ("[U]nsupported allegations do not create a material issue of fact.").

6

II. Defendants' Motion

Defendants argue that Plaintiff's case must be dismissed under the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) because Plaintiff admitted, in connection with his plea, that he was the aggressor in the altercation with Defendants and that he attempted to prevent Defendants from executing their duty to transport him back to jail. (Defs.' Br., Docket Entry 20-2 at 17.) Defendants assert that because Plaintiff's admissions contradict the allegations of the Complaint, which paints Plaintiff as a helpless victim of assault, his excessive force claim must be dismissed. The Court agrees.

In Heck v. Humphrey, the Supreme Court held that:

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 487. Thus, under Heck, if a judgment in Plaintiff's favor would invalidate the Plaintiff's previous criminal conviction, his § 1983 suit must be dismissed. In Douglas v. Smith, No. 05-CV-1000, 2009 WL 789450, at *2 (N.D.N.Y. Mar. 20, 2009), the court held that Heck barred a § 1983 excessive force claim when the allegations in the complaint directly contradicted

7

admissions the plaintiff made in connection with his criminal plea. There, the plaintiff alleged that his Eighth Amendment rights were violated by a prison guard who assaulted him. Id. at *1. Specifically, the plaintiff claimed that the guard punched him in the face repeatedly as he tried to defend himself. Id. Following the altercation, however, the inmate was charged with assaulting the prison guard and pleaded guilty to the lesser charge of attempted assault. Id. During his plea allocution hearing, the plaintiff admitted that he "intended to prevent [the guard] from performing his lawful duty by attempting the cause [the guard] physical injury." Id. at *2. The inmate's guilty plea was upheld on appeal. Nevertheless, the inmate sued the prison guard under § 1983 for violating his Eighth Amendment rights. The court granted summary judgment dismissing the case under Heck because the inmate's allegations "directly contradict[ed] his conviction based on his allocution and plea." Id. The court explained that "if [the inmate's] current version of the relevant facts were accepted, [the guard] would not have been performing a lawful duty and [the inmate's] plea would become invalid." Id.; see also Dye v. Virts, No. 03-CV-6273, 2004 WL 2202638, at *4 (W.D.N.Y Sept. 28, 2004) (dismissing a § 1983 assault claim under Heck because if the plaintiff were to prevail "it would necessarily negate elements of the offense for which he was convicted"). But see Harley v. Suffolk Cnty. Police Dep't, No. 09-CV-2897, 2012 WL

8

642431, at *9 (E.D.N.Y. Feb. 28, 2012) ("Plaintiff's conviction does not preclude her ability to show that even if she assaulted officers at some point during the arrest, their alleged force was still excessive.").

Here, as in <u>Douglas</u> and <u>Dye</u>, Plaintiff pled guilty to assaulting the very same officers he now claims attacked him without provocation. Plaintiff specifically pled guilty to two counts of Assault in the Second Degree (<u>see</u> Plea Hr'g Tr. at 20:9-22.) pursuant to N.Y. Penal Law § 120.05(3) for causing physical injuries to Defendants "with intent to prevent [them] . . . from performing a lawful duty." N.Y. PENAL LAW § 120.05(3). Plaintiff admitted during his plea allocution that Defendants were preforming their lawful duty by escorting Plaintiff back to jail and that Plaintiff "lunge[ed] at [the Defendants in the elevator], kicking them and elbowing them in an attempt to prevent them from moving [him] back to the jail." (Plea Hr'g Tr. at 17:9-21.) Conversely, in the Complaint, Plaintiff claims that Defendants initiated the altercation by dragging him to the floor by his shackles and punching him repeatedly. (<u>See</u> Compl. ¶ IV.)

Plaintiff's § 1983 excessive force claim cannot stand in light of his plea to Assault in the Second Degree. A judgment in Plaintiff's favor would invalidate his criminal conviction because it would negate two required elements of the crime, namely: (1) that Defendants were performing a lawful duty, and (2) that

9

Plaintiff intended to prevent Defendants from performing their lawful duty. See N.Y. PENAL LAW § 120.05(3). Therefore, under Heck, a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction." Heck, 512 U.S. at 487. Moreover, since Plaintiff knowingly waived his right to appeal, he cannot show that his criminal conviction has been invalidated.

This case is distinguishable from decisions in this Circuit allowing Eighth Amendment claims to proceed notwithstanding the Plaintiff's criminal conviction. See, e.g., Griffin v. Crippen, 193 F.3d 89, 90 (2d Cir. 1999); Kuar v. Mawn, No. 08-CV-4401, 2011 WL 838911, at *10 (E.D.N.Y. Mar. 4, 2011). Notably, the Second Circuit's decision in Griffin v. Crippen distinguishable. There, the Second Circuit found that even though the plaintiff's excessive force allegations concerning an altercation were "thin," genuine issues of material fact existed with respect to "what transpired after [the plaintiff] was handcuffed and whether the guards maliciously used force against him." Griffin, 193 F.3d at 91. There, the plaintiff claimed that the police assaulted him then "faked injuries or inflicted injuries on themselves to cover up their misconduct." Id. at 90. However, the plaintiff had pleaded guilty to criminally assaulting the officers. Id. When he was questioned about the incident at the pre-trial hearing, however, the plaintiff maintained that "he did not assault the guards and that he was hit by the guards after he

10

was handcuffed." Id. at 90-91. The Second Circuit denied summary judgment finding that issues of fact precluded a finding in the defendants' favor. Id. at 91-92. Unlike the facts of Griffin, Plaintiff's version of events are completely irreconcilable with his sworn statements establishing his guilty plea to Assault in the Second Degree. Moreover, Plaintiff has not submitted additional evidence or testimony to refute his sworn statements, despite being on notice of Defendants' motion and having six months to respond. Thus, allowing Plaintiff to proceed with his § 1983 suit would invalidate his criminal conviction under Heck. Plaintiff's Eighth Amendment claims therefore must be dismissed.[1]

## CONCLUSION

For the forgoing reasons, Defendants' motion to dismiss the Second Amended Complaint (Docket Entry 20) is GRANTED and Plaintiff's § 1983 claims are DISMISSED WITH PREJUDICE.

The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and in forma pauperis status is therefore DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

---

[1] Since the court finds that Plaintiff's lawsuit must be dismissed as a matter of law under the Supreme Court's decision in Heck v. Humphrey, it need not rule on any of Plaintiff's additional grounds for dismissal.

11

The Clerk of the Court is directed to mark this matter CLOSED and to mail a copy of this Memorandum and Order to pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February __18__, 2015
       Central Islip, NY